UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ALEX REX JOHNSTON,<br><br>Defendant. | Case No. 1:21-cr-00262-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The United States Probation Office has requested that Defendant Alex Rex Johnston be granted early termination of supervised release. *See* Dkt. 38. The government opposes the request. For the reasons explained below, the Court will deny the request.

## BACKGROUND

In April 2022, this Court sentenced Johnston to 18 months' imprisonment followed by five years of supervised release after he pleaded guilty to distributing methamphetamine. *See Jdgmt.,* Dkt. 36. Mr. Johnston was released from prison in June 2023,[1] and he is currently serving his five-year term of supervised release.

---

[1] *See* *https://www.bop.gov/inmateloc/* (last visited July 27, 2026).

MEMORANDUM DECISION AND ORDER - 1

In May 2026, the U.S. Probation Officer assigned to work with Johnston submitted a proposed order terminating Johnston's supervised release. He explained the reason for the request as follows:

> Mr. Johnston is nearly three years into a five year supervised release term … All conditions of supervision have been met and there have been no known violations. Mr. Johnston is the lowest assessed risk for recidivism and has been on our administrative (unsupervised caseload) for about two years. He is working as an accountant and passed his CPA exams. He finished his degree and had nearly a 4.0 GPA. Mr. Johnston has done exceptionally well and deserves consideration for early discharge.

Dkt. 38-1, at 1. The government opposes early termination, arguing that "supervised release is serving its purposes—that the Defendant is moving forward post-conviction in a positive manner and taking accountability for his actions." *Objection,* Dkt. 39, at 2. The government also points out that Johnston has been down this road before. He was convicted of drug-trafficking in 2012. Thereafter, he completed a state rider program and three years of probation. He also went on to obtain a college degree. Yet despite all that, he returned to drug-trafficking. The government argues that in light of this history, ongoing supervision will help ensure that Johnston "does not return to his past criminal tendencies." *Id.* at 3.

## GOVERNING LEGAL STANDARD

The Court has broad discretion to impose terms of supervised release. *See* 18 U.S.C. § 3583(e)(1); *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir.

MEMORANDUM DECISION AND ORDER - 2

2014). This includes the discretion to terminate supervision after Defendant has served one year of their supervised release. 18 U.S.C. § 3583(e)(1). In deciding whether to grant a motion for early termination, courts must review several sentencing factors, which include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) deterrence;
>
> (3) protection of the public;
>
> (4) the need to provide the defendant with educational, vocational training, medical care or other rehabilitation;
>
> (5) the sentence and sentencing range established for the category of defendant;
>
> (6) any pertinent policy statement by the Sentencing Commission;
>
> (7) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> (8) the need to provide restitution to any victims of the offense.

*See* 18 U.S.C. §§ 3583(e)(1) & 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7).[2] If, after considering these factors, the court is satisfied

---

[2] Congress specifically left out from consideration the need "to reflect the seriousness of the offense, to promote respect for the law, [or] to provide just punishment for the offense." 18 U.S.C. §§ 3553(a)(2)(A), 3583(e).

MEMORANDUM DECISION AND ORDER - 3

that early termination is "warranted by the conduct of the defendant released and the interest of justice," the court may grant the motion. The Ninth Circuit has specifically rejected "the proposition that early termination is reserved for cases of exceptionally good behavior," holding that a district court may not require exceptional behavior as a predicate for early termination. *See United States v. Ponce,* 22 F.4th 1045, 1047 (9th Cir. 2022). In deciding early termination motions, courts must provide an explanation based on consideration of the factors outlined above, but they need not elaborate unnecessarily. *Emmett*, 749 F.3d 817, at 821-22.

## ANALYSIS

Although Johnston has completed more than one year of supervision and has made many positive strides in his life, the Court is not persuaded that early termination of supervision is warranted.

As noted above, the probation officer points out that Johnston hasn't had any violations and he has done exceptionally well on supervision. He finished his degree with a near 4.0 GPA and is working as an accountant, after having passed his CPA exams. Still, though, the Court does not find that early termination of supervision is warranted. The Court's concern is not that Mr. Johnston has failed on supervision. To the contrary, he has done exceptionally well. Rather, this case presents an unusual history. After his 2012 drug-trafficking convictions, Johnston successfully completed a rider program, completed probation, earned a college

degree, and appeared to have turned his life around. Yet despite those significant accomplishments, he returned to methamphetamine trafficking only a short time later. That history distinguishes this case from ordinary early-termination requests.

The Court sincerely hopes that Johnston's current rehabilitation is lasting. His educational and professional accomplishments are impressive, and the Court commends him for the progress he has made. At this point, however, the Court is not persuaded that the interests of justice are served by terminating supervision approximately two years before its scheduled expiration. Given Johnston's demonstrated ability to succeed for an extended period before relapsing into serious criminal conduct, the Court concludes that continued supervision remains appropriate to further the goals of deterrence and protection of the public. The Court therefore will require Johnston to complete the remainder of the five-year term originally imposed.

## ORDER

**IT IS ORDERED that** U.S. Probation Officer's Recommendation that Defendant be granted an early termination of supervised release (Dkt. 38) is **DENIED.**



DATED: August 4, 2026

B. Lynn Winmill
U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 5